8329

WALKER v. DESPORTES.

1. REMAINDERMEN.—Where a remainderman is not made a party to a partition proceeding but the lands alloted the life tenant are sold and the proceeds invested in other lands along with other funds in a proceeding to which he is a party, he cannot disregard the original partition and recover his share in the lands without accounting for the value of the fund so invested.

2. IBID.—Where the funds allotted the life tenant in a proceeding to which the remainderman was not a party is invested in repairing the mansion house, the most the Court can do is to require him to account for the fund so invested with interest from death of life tenant if he desires to disregard the partition and recover his share in the land.

3. BETTERMENTS.—Where it is found by the Court that cutting timber and putting the land in cultivation has not enhanced its value, the purchaser should not have an allowance for it as improvements.

4. PARTITION.—In this case, where the shares of many of the parties are small and it seems impossible to adjust the equities by partition in kind, sale is the proper mode.

Before WATTS, J., Fairfield, November term, 1911. Modified.

Action by Alice B. Walker *et al.* against Sarah W. Des-Portes *et al.*   The Circuit decree is:

"Osmond Woodward died in 1863, leaving of force a will, which was admitted to probate by the then ordinary

of Fairfield district, on 4th September, 1863. By the fourth clause of his will, the said testator bequested and devised as follows:

" 'Item 4. I will and direct that all the rest and residue and remainder of my estate, both real and personal, of every kind and description, including all the land and all the negro slaves and their increase, which may be in the possession of my children at the time of my decease, as a loan from me, be divided by my executors into five equal parts or portions; one of which I give, devise and bequeath to each of my daughters, namely, Jemima Harrison, Sara Owens, Amanda Heath, Rebecca Buchanan, and Regina Woodward, for and during the term of her natural life, to and for her sole and separate use, benefit and behoof, and in nowise to be subject or liable to the debts, contracts, or incumbrances of any husband, and at her death to the issue of her body who may then be living. In case either of my said daughters shall die without leaving issue of her body then living, all the property above given and devised or bequeathed to her (except as hereinafter particularly specified), shall be equally divided among her surviving sisters, to and for their sole and separate use, benefit, and behoof respectively, for and during the term of their natural lives, respectively, precisely in all respects as the original share or portion above devised and bequeathed to them respectively, and at their several and respective deaths to the issue of their bodies who may be then living. In all contingencies which may arise under this will, the issue of a deceased daughter, if any such, shall represent the parent and take the share which the parent would have been entitled to if living. In case either of my daughters shall die in my lifetime, without leaving issue living at the time of my decease, the share or portion above devised and bequeathed to her shall fall into the general residue of my estate, and augment ratably the shares or portions of my surviving children, the number of shares or portions in that case being less.'

"The qualified executors, as directed by the will, divided the real estate among the five daughters of the testator, and the tract of land described in the complaint was allotted to Jemima Harrison, and this daughter died some time during the year 1865 without leaving issue then living. On the tenth of September, 1869, John R. Cook and his wife, Sara S. Cook (the same person called Sarah Owens in the will), filed their bill in the court of equity against Lucy A. Mobley (called Amanda Heath in the will, and who afterwards became Lucy A. Keller by marriage with Theodore Keller), Robert A. Buchanan and his wife, Rebecca, and Regina Gadsden (the same person called Regina Woodward in said will for partition of the tract of land, which had been assigned to said Jemima Harrison). Only the then surviving daughters of the testator were then made parties to the said cause. None of the contingent remaindermen then *in esse* and within the jurisdiction of the Court were, in any manner whatsoever, made parties. By decree of the Court made in said cause, after return made by commissioners in partition recommending a sale because an actual partition was found impracticable, the said land was sold by the sheriff, and purchased by Lucy A. Mobley, who received the sheriff's deed, but her mortgage for the purchase money or the credit portion thereof was foreclosed, and the land bought by S. B. Clowney, and the title passed through various deeds to U. G. DesPortes. Upon the death of Regina Gadsden, one of testator's daughters, her issue, consisting of her two sons, John C. Gadsden and F. M. Gadsden, recovered an undivided one-fourth interest in said tract of land from said U. G. DesPortes (*Gadsden* v. *DesPortes,* 39 S. C. 131), which one-fourth interest was conveyed by the plaintiffs in that case to R. S. DesPortes, who also acquired the title of said U. G. DesPortes to the remaining three-fourths interest by purchase from J. Q. Davis, assignee of said U. G. DesPortes and the defendant, Sara W. DesPortes, has acquired through the deed of his executrix and devisee, the title of

said R. S. DesPortes, now deceased, and is in possession of the said tract of land under said deed and under a deed from the clerk of court to a portion thereof sold under foreclosure proceedings against a grantee of said R. S. DesPortes for the purchase money. All the life tenants, daughters of the testator, are now dead. Sara Owens, who became Sara S. Cook by marriage, died May 28, 1907. Rebecca Buchanan died June 21, 1908. Lucy A. Keller, called Amanda Heath in said will, died February 23, 1909. Each of these daughters left issue living at the time of their respective deaths, and such issue, including said Sara W. DesPortes, are parties to this action, which involves the title to an undivided three-fourths interest in said tract of land. Trial by jury was expressly waived, and an order of reference to take the testimony was made by consent of all parties, and the cause came on to be heard by me at the September term, 1911. At the hearing it was conceded by counsel for Sara DesPortes that the issue of Lucy A. Keller were entitled to recover an undivided one-fourth interest in said tract of land.

"On the ninth of September, 1869, the same day the bill in the cause entitled John R. Cook and wife *v.* Lucy A. Mobley *et als.* was filed, a bill in equity was filed by said John R. Cook and his wife, Sarah, *v.* D. F. Booten and his wife, Jesse, daughter of said Sarah, setting forth that Sarah S. Cook had removed to Georgia, etc., and asking for a sale of the lands which had been allotted to her by the executors in the division of the lands of the estate of Osmond Woodward, deceased, on the 11th December, 1863, for change of investment, and that the proceeds of sale be held by some suitable trustee, to be appointed by said Court, subject to the same conditions and limitations contained in the will of Osmond Woodward, deceased. The report on sales shows that the lands constituting the original share of said Sarah S. Cook brought $8,646.75, and the fees and the costs amounted to $678.71.

"By an order of the Court of Common Pleas, dated 18th March, 1871, entitled '*Ex parte* Sallie S. Cook,' and purporting to have been made upon her petition, Thomas W. Woodward was appointed 'trustee of the separate estate of the petitioner, Sallie S. Cook, upon his entering into a bond payable to the clerk of this Court with at least two good and sufficient sureties in the penal sum of sixteen thousand dollars, conditioned for the faithful discharge of his duties as such trustee, according to the terms and limitations contained in the will of Osmond Woodward, deceased.' It is contended by counsel for the Cook issue that this order was made in pursuance of the bill and decree in John R. Cook and wife *v.* D. F. Booten and wife; in other words, that Thomas W. Woodward was appointed trustee in that proceeding, which was expressly for change of investment. While that may be true, from the view I take I do not consider it a matter of importance. Thomas W. Woodward appears to have received $2,250.00 as trustee for Mrs. Cook from the proceeds of sale of 'the Harrison tract,' as well as the net proceeds of the sales of lands constituting the original share of Sarah S. Cook, sold in the cause of John R. Cook and wife *v.* D. F. Booten and wife. A deed to certain lands in the State of Georgia to Thomas W. Woodward, trustee, but which makes no reference to the will of Osmond Woodward, deceased, was offered in evidence by the defendant, Sara W. DesPortes. The expressed consideration for this was $6,682.50. The issue of said Sarah S. Cook are now in possession of this land in Georgia. The testimony of Thomas W. Woodward, included in the record of the case of Gadsden *v.* DesPortes, was offered in evidence on behalf of Sara W. DesPortes over the objection of counsel for the Cook branch, and I find from that testimony that the money paid Woodward, trustee, twenty-two hundred and fifty dollars from the sale of the Harrison tract, entered as a part of the consideration for the Georgia lands.

"It also appears that R. A. Buchanan received for his wife, Rebecca, under the order of Court, one thousand dollars from the proceeds of sale of the 'Harrison tract,' and that this amount was used in repairing a dwelling on a lot in Winnsboro held by Mrs. Buchanan under the terms and limitations of her father's will.

"While the contingent remaindermen then *in esse* and within the jurisdiction of the Court were not made parties to the case of John R. Cook and wife against Lucy A. Mobley and others, and the remaindermen are not bound by the sale made in said cause, and while the purchaser at the sale thereunder, and those claiming under the purchaser, could claim no greater estate than that of the life tenants, yet equity will require the remaindermen to account for the proceeds of sale used for their benefit. I find, therefore, that the issue of Lucy A. Keller, deceased, living at the time of her death, the issue of Rebecca A. Buchanan living at the time of her death, and the issue of Sara S. Cook living at the time of her death are entitled to recover from the defendant, Sara W. DesPortes, who is in the possession of the land, receiving the rents and the profits therefrom, an undivided three-fourths interest therein less the share of John C. Buchanan as hereinafter more particularly stated, but the issue of Rebecca Buchanan, deceased, must account to Sara W. DesPortes for one thousand dollars with interest thereon from 21st June, 1908, the same to be deducted from their share of the proceeds of sale hereinafter ordered; and that the issue of Sarah S. Cook, deceased, must account for twenty-two hundred and fifty dollars with interest thereon from the 28th May, 1907.

"Sara W. DesPortes claims betterments and improvements. In order to avoid a separate action for improvements made by her predecessors and grantors, counsel for all parties, at the hearing, agreed that in the determination of that question, the Court might take into consideration the testimony relating not only to such improvements as have

been made by Sara W. DesPortes, but also to such as may have been made by her predecessors and grantors; the objection that a claim for improvements by previous owners could not be made in this action, having been withdrawn. After a careful consideration of the testimony and full arguments on that issue as well as on other questions, I am well satisfied that the betterments and improvements, not only those made by Sara W. DesPortes, but those made by her predecessors and grantors and any increase in rents and profits by reason thereof, are fully offset by the waste.

"Of the net rents and profits received by Sara W. DesPortes I find the issue of Sarah S. Cook, deceased, are entitled for the year 1907, according to the provisions of sections 2408 and 2409, Code 1902, to $143.74, with interest thereon from the first day of January, 1908; to $293.10 for the year 1908 with interest thereon from the first day of January, 1909; to $330.40, with interest thereon from the first day of January, 1910, for the year 1909; to $310.74, with interest thereon from the first day of January, 1911, for the year 1910, and the defendant, Sara W. DesPortes, must account to such issue for one-forth of the net rents and profits received or to be received by her for the present year.

"The issue of Lucy A. Keller, deceased, I find are entitled to recover from the defendant, Sara W. DesPortes, on account of rents and profits received by her, $275.34, for the year 1909, with interest thereon from the first day of January, 1910; to $310.74 for the year 1910, with interest thereon from the first day of January, 1911, and to one-fourth of the rents and profits that Sara W. DesPortes may receive for the year 1911.

"I find the issue of Rebecca Buchanan, deceased, other than John C. Buchanan, who has assigned the interest he would have been entitled to as a part or one of such issue to Sara W. DesPortes, are entitled to $109.92, on account of rents and profits received by Sara W. DesPortes for the

year 1908, with interest thereon from the first day of January, 1909; to $247.80 for the year 1909, with interest thereon from the first day of January, 1910; to $233.06 for the year 1910, with interest thereon from the first day of January, 1911, and to three-sixteenths of the rents and profits for the present year that Sara W. DesPortes may have or will receive.

"The only remaining question, which is of practical importance more especially to the parties other than Sara W. DesPortes, involves the question who constitute the class who are to take at the death of the respective daughters of the testator, and in what proportions they take.

"As to the share of Lucy A. Keller, deceased, how that share, including the rents and profits found to be due her issue is to be divided among such issue, who are embraced within the class and in what proportion they take, by the request of counsel for those interested these questions are reserved for the future determination of the Court, so that as among the issue of Lucy A. Keller, deceased, no decision is now made.

"The recent case of *Rembert* v. *Vetoe*, 89 S. C. 198, it seems to me, settles the question that those descendants of the respective daughters or life tenants whose parents were living at the time of the falling of the life estates are excluded; in other words, 'issue' here is equivalent to heirs of the body.

"The issue of Rebecca Buchanan, who are entitled to take and the proportions in which they take, are as follows: Alice B. Walker to an undivided one-sixteenth interest in fee in said tract of land; Robert A. Buchanan's interest, which is also one-sixteenth, has passed to John C. Buchanan for and during the life of said Robert A. Buchanan, with remainder to said Alice B. Walker, John C. Buchanan and Osmond W. Buchanan, the latter of whom has died intestate, and his widow, Sophie T. Buchanan, and his children, as his heirs at law, are parties to this action; the one-sixteenth interest,

which John C. Buchanan would have been entitled to as a part of such issue has been assigned by him to said Sara W. DesPortes. Each of the infant defendants, George T. Buchanan, Margaret A. T. Buchanan, Robert A. Buchanan, Jr., William C. Buchanan, and Osmond Buchanan, children of Osmond W. Buchanan, a predeceased son of said Rebecca Buchanan, deceased, are entitled to an undivided one-eightieth in fee in said tract of land.

"The issue of Sarah S. Cook, deceased, entitled to take and the proportions in which they take are the following: Each of the plaintiffs, Minnie Booten, Frederick, William Sinclair Booten, James O. Booten, Bassie M. Booten to an undivided one-sixteenth interest in fee. * * *"

From this decree, defendant, Sarah W. DesPortes, appeals.

*Messrs. Glenn W. Ragsdale* and *McCants & McCants,* for appellant. *Mr. Ragsdale* cites: *Receipt by remaindermen of the proceeds of sale made them parties to the cause:* 88 S. C. 1; 71 S. C. 87; 18 S. C. 501; 13 S. C. 174; 2 McC. 151; 6 Rich. Eq. 302. *Before 1870 not necessary to be made parties:* 37 S. C. 345; 25 S. C. 283; 19 S. C. 324; 23 S. C. 503; 39 Cyc. 509; 22 S. C. 323; 80 S. C. 83; 3 Rich. Eq. 1; 66 S. C. 155. *Contingent remainderman has no action for waste:* 2 McC. 137; *Pearson* v. *Yongue,* 25 S. C. —; 1 Wash. on Real Prop. 120; Tiedeman on Real Property, sec. 61; 29 S. C. 279; 30 Ency. 280, 290-1, 242; 39 S. C. 132; 45 S. C. 283. *Defendant liable only for rents and profits actually received:* 47 S. C. 582; 42 S. C. 529; 32 S. C. 57; 23 S. C. 129; 6 Rich. Eq. 302; 2 Strob. Eq. 157; 1 Strob. Eq. 350.

*Mr. Jas. G. McCants* cites: *Receipt of one not a party of his share made him a party:* Kleber on Void J. S., sec. 475; Freeman on Void J. S. 170, 180; Rov. on Jud. S., sec. 455.

*Messrs. A. S.* and *W. D. Douglass, McDonald & McDonald* and *Hanahan & Taylor,* contra.  *Mr. Douglass* cites: *Contingent remaindermen are necessary parties:* 3 Rich. Eq. 1; Bail. Eq. 395; 22 S. C. 329, 422; 38 S. C. 1191; 16 S. C. 402.  *As to waste:* 2 Hill's Ch. 282.  *Judge may order sale for partition:* 36 S. C. 192.

*Messrs. Hanahan & Taylor* cite: *Contingent remaindermen are necessary parties:* 3 Rich. Eq. 1; Bail. Eq. 395; 22 S. C. 323.

October 2, 1912.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The facts are clearly stated in the Circuit decree and will not be stated in detail here.

When Jemima Harrison, one of the children of Osmond Woodward, died without issue living, the land which had been assigned to her by the executors of the will of Osmond Woodward under authority of the will, vested in her sisters, with contingent remainders to their issue.  The sisters, by an action for partition in the Court of Common Pleas, procured a sale of the Harrison land without making the children, the contingent remaindermen *in esse* parties.  When Regina Gadsden, Sarah Cook, Rebecca Buchanan and Lucy A. Keller, the sisters of Jemima Harrison, died, the interests of certain of the contingent remaindermen in the lands originally assigned to her became vested, and this action was brought to recover their interests in the lands as if no sale had been made.  The defendant, Sara W. DesPortes, is in possession, claiming through the purchase at the partition sale.  She is also the owner by purchase of the one-fourth interest in remainder of the children of Regina Gadsden. It is admitted that the issue of Lucy A. Keller are entitled to recover one-fourth interest in the land.

The defense to the claim of the issue of Mrs. Sarah S. Cook and Mrs. Rebecca Buchanan are: (1) That they inter-

vened in the partition suit, and that by the intervention they became parties and are bound by the sale made in that suit; (2) That the sale was made for full value, and that the shares in the proceeds of the sale of the contingent remaindermen mentioned were invested for their benefit and that they still retain the property in which the funds were invested.

The record does not show that the issue of Mrs. Cook and Mrs. Buchanan were made parties to the partition suit by intervention or otherwise. But Thomas W. Woodward was appointed trustee for the share of Mrs. Cook, and as such received $2,250 from the proceeds of the sale.

In another proceeding instituted by Mrs. Cook and her husband, to which her only child was made a party, the Court ordered the lands assigned to Mrs. Cook in the original division made by the executors to be sold. The proceeds of this sale and also the share of Mrs. Cook and her child in the proceeds of the sale of the lands originally assigned to her sister, Jemima Harrison, were paid to the trustee, and by him invested in lands in Georgia. The issue of Mrs. Cook, who are now claiming one-fourth of the lands originally assigned to Jemima Harrison, are still in the possession and enjoyment of the Georgia lands. It does not appear that the payment to the trustee of the share of the proceeds of the sale of the Jemima Harrison lands, the lands now in controversy, was ever authorized by an order of the Court in any proceedings to which the contingent remaindermen were parties.

The contingent remaindermen not being parties to the proceedings under which the Jemima Harrison tract of land was sold, the Circuit Court correctly held that they were not bound by the order of sale made therein. *Moseley v. Hankinson,* 22 S. C. 323. But it was supposed at the time of the sale that the purchaser would get a good title, and that the interests of the contingent remaindermen would attach to the purchase money. It was under

this mistake that the purchaser paid a full price, that $2,250, the one-fourth share of the proceeds which it was supposed would go to Mrs. Cook with a contingent remainder over at her death, was paid to Thomas W. Woodward as trustee, and that the trustee invested the $2,250 in the Georgia lands now representing that fund and in the possession of Mrs. Cook's issue. The Georgia lands have increased greatly in value. The Circuit Judge, we think, was in error in holding that the issue of Mrs. Cook, while holding the Georgia lands, could treat as a nullity the sale of the Harrison lands, and recover their one-fourth interest therein by paying back only the sum received by the trustee and invested in the Georgia land, with interest from the death of Mrs. Cook. Equity requires that when they repudiate the sale of the Harrison land they must surrender or account for every benefit they hold thereunder. *Bailey* v. *Boyce,* 4 Strob. Eq. 84.

Inasmuch as other trust funds were also invested in the Georgia lands it was not practicable for the issue of Mrs. Cook to separate the property representing the $2,250 received from the sale of the Harrison lands, and on the death of Mrs. Cook repudiate ownership of it. For that reason the general rule that the retention of the purchase money operates as an affirmance of the sale does not apply. For the same reason it is not practicable for the Court to require that the land representing the $2,250 trust fund be surrendered as a condition of the recovery of the interest in the Harrison land; but the issue of Mrs. Cook should pay or account to Mrs. DesPortes for the present value of the investment made by the trustee of Mrs. Cook's share of the proceeds of the sale of the Harrison lands, as a condition of their recovery of their one-fourth interest in those lands. The value of that interest is the proportion of the present value of the Georgia land which $2,250 bears to the entire investment made by the trustee.

The investment of the share of Mrs. Buchanan stands on a different footing. The Court ordered one thousand dollars of Mrs. Buchanan's share of the proceeds of the sale of the Harrison land to be used in the improvement of the family dwelling situated on the lands assigned to her in the original division made by the executors and held by her under the limitation of the will of Osmond Woodward. The issue of Mrs. Buchanan are now in possession of this property, but they were not bound by the order for the investment. It is manifestly impossible now to ascertain to what extent the land was increased in value by the improvement. The only available measure of benefit is the amount of money expended under the order of the Court and the utmost that a court of equity can do is to require that the issue of Mrs. Buchanan pay back that sum with interest as a condition of their recovery of their one-fourth interest in the land, as decreed by the Circuit Judge.

Careful examination of the evidence confirms the conclusion of the Circuit Court that the value of the land was not improved by cutting the timber and thus bringing more of it under cultivation. As nothing was added to the value of the land, no allowance can be made to Mrs. DesPortes for the alleged improvements. Civil Code, sec. 3202.

The objection that there was nothing before the Court tending to show that partition in kind was not practicable is not well founded. The entire record shows the advisability of a sale. The share of many of the parties is very small, and it seems impossible to adjust the equities of the parties without a sale of the land.

The judgment of this Court is that the judgment of the Circuit Court be modified, and that the cause be remanded for such proceedings as may be necessary to carry out the conclusion herein expressed.

MR. JUSTICE WATTS *disqualified.*